NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN COBB, | No. 16-56300 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01353-BEN-JMA |
| v. | |
| RAMIRO RODRIGUEZ, ID 5857; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 24, 2018[**]

Before:     TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

John Cobb appeals pro se from the district court's judgment following a jury

trial in his 42 U.S.C. § 1983 action alleging federal and state law claims arising

from his arrest.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by denying Cobb's motion for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Cobb's request for oral
argument, set forth in his opening and reply briefs, is denied.

a new trial because Cobb failed to set forth any basis for relief. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728-29 (9th Cir. 2007) (grounds for a new trial under Fed. R. Civ. P. 59(a)).

The district court did not err by denying Cobb's motion for a new trial based on its evidentiary rulings, all of which were within the court's discretion. *See Wagner v. County of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013) (setting forth standard of review).

The district court's finding that there was sufficient evidence to support the jury's verdict was correct. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) ("A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." (citation omitted)).

The district court did not abuse its discretion by overruling Cobb's objections to the defense expert's testimony regarding defendants' probable cause and reasonable suspicion. *See* Fed. R. Evid. 704 ("An opinion is not objectionable just because it embraces an ultimate issue"). Moreover, even assuming an error, Cobb failed to demonstrate that any such ruling substantially prejudiced him. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) ("A new trial

is only warranted when an erroneous evidentiary ruling substantially prejudiced a party." (citation and internal quotation marks omitted)).

Contrary to Cobb's contention, it was not plainly or obviously erroneous for the district court to permit defense counsel to refer, during closing arguments, to the defense expert's testimony regarding the existence of reasonable suspicion to detain Cobb. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (noting the "high threshold" applied to claims of improper closing arguments in civil cases raised for the first time after trial).

The district court did not abuse its discretion by granting defendants' motion to quash Cobb's subpoenas served after discovery had closed because Cobb failed to show he was prejudiced by this order. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that "a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

Because Cobb's claims concerning reasonable suspicion to detain, probable cause to arrest, and the search before and after his arrest proceeded to a jury trial,

we do not review the district court's denial of summary judgment on these claims. *See Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1506 (9th Cir. 1995).

The district court properly dismissed Cobb's retaliation claim and his state law claims under the Bane Act and the Unruh Civil Rights Act because Cobb failed to allege facts sufficient to state a plausible claim. *See O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (elements of a First Amendment retaliation claim); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (setting forth standard of review, and noting that although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Doe v. State*, 214 Cal. Rptr. 3d 391, 399-400 (Ct. App. 2017) (elements of a cause of action under the California Bane Act); *Harris v. Capital Growth Investors XIV*, 805 P.2d 873, 878 (Cal. 1991) (elements of claim under the Unruh Civil Rights Act), *superseded by statute as recognized in Munson v. Del Taco, Inc.*, 208 P.3d 623, 625 (Cal. 2009).

The district court did not abuse its discretion by denying Cobb's motion for entry of default judgment because the record does not show that defendants were in default. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting forth the

standard of review).

The district court did not abuse its discretion by denying Cobb's motion for leave to amend the complaint filed after the deadline set in the scheduling order because of Cobb's "undue delay" in raising the claim and the "prejudice to the opposing party" that late amendment would cause. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (setting forth standard of review); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (noting that a plaintiff must show "good cause" to amend a complaint after the deadline set forth in a scheduling order has expired).

We do not consider Cobb's arguments that were not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**